884 F.2d 1394
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 COLUMBIA LIGHTING, INC., Plaintiff-Appellant,
v.
LOCAL UNION 73, IBEW, AFL-CIO, and Don McCoul, as a
necessary party, Defendants-Appellees.
 No. 88-3741.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 29, 1989.*
Decided Aug. 31, 1989.
 Before FARRIS, NOONAN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Columbia Lighting Co., Inc. (Columbia) moved to vacate an arbitration award in favor of Local 73, International Brotherhood of Electrical Workers, AFL-CIO (the union). In a hiring dispute, the arbitrator had ruled that evidence of bargaining history and Columbia's past practices should not be admitted as an aid to interpreting the collective bargaining agreement. Both the union and Columbia moved for summary judgment. The district court affirmed the arbitrator's award. We affirm that decision.
 
 DISCUSSION
 
 3
 Columbia argues that given the special nature of collective bargaining agreements, the district court erred because the arbitrator showed a manifest disregard for the law in not considering bargaining history and past practice.
 
 
 4
 This circuit's very limited review of labor arbitration decisions is described in George Day Constr. Co. v. United Bhd. of Carpenters, 722 F.2d 1471 (9th Cir.1984):
 
 
 5
 Where the decision involves contractual interpretation, we must defer as to any decision which draws its essence from the agreement. Therefore, if on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced. This remains so even if the basis for the decision is ambiguous, and notwithstanding the erroneousness of any factual findings or legal conclusions, absent a manifest disregard of the law.
 
 
 6
 Recently, the Supreme Court held in a similar vein:
 
 
 7
 [T]he courts play only a limited role when asked to review the decision of an arbitrator. The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests ... on misinterpretation of the contract.... As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate.
 
 
 8
 United Paperworkers Int'l Union v. MISCO, Inc., 484 U.S. 29, 108 S.Ct. 364, 370 (1987) (quoting Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596-97 (1960)). The Supreme Court further stated: "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." MISCO, 108 S.Ct. at 371.
 
 
 9
 Given the words "most senior qualified employee" in the collective bargaining agreement, the award represents a plausible interpretation of the contract. George Day, 722 F.2d at 1477. Certainly, the arbitrator was "arguably construing or applying the contract and acting within the scope of his authority," which is all the Supreme Court requires to affirm the award. MISCO, 108 S.Ct. at 371. The parties are bound by the award even if it results "from a misinterpretation of law, faulty legal reasoning or erroneous legal conclusions." George Day, 722 F.2d at 1479.
 
 
 10
 Contrary to Columbia's suggestion, there are no cases from the Supreme Court or this circuit holding that an arbitrator must consider evidence of past practices when the language of the collective bargaining agreement is clear and unambiguous. Rather, both courts stress their limited role in reviewing an arbitrator's decision. Thus, the result is mandated by our narrow standard of review. The decision of the district court must stand because the arbitrator has not manifested a disregard for the law. See San Martine Compania de Nav. v. Saguenay Terminals Ltd., 293 F.2d 796, 801 (9th Cir.1961) (a "manifest disregard of the law" occurs where an arbitrator understands and correctly states the law, but nonetheless proceeds to disregard it). In the absence of explicit Supreme Court law or an explicit, well-defined and dominant public policy that evidence of past practice is always admissible in the labor context, the arbitrator made a reasonable choice to consider only the clear language of the agreement. The arbitrator did not dispense his own brand of industrial justice where there was ample authority to support his decision.
 
 
 11
 The district court did not err in granting summary judgment for the union.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3